JOSEPH B. STEWART *v.* LIZZIE A. DREW.

January Term, 1928.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and CHASE, JJ.

Opinion filed February 8, 1928.

48

*H. C. Shurtleff* for the plaintiff.

*J. Ward Carver* for the defendant.

SLACK, J.    The plaintiff is a real estate agent, and seeks to recover a commission by reason of his connection with the transaction hereinafter set forth.   Trial was by court.   On the facts found defendant had judgment and the case is here on plaintiff's exception.

The material facts found are these:  In July, 1926, the defendant owned a large farm in Cabot which she desired to dispose of.   Previous to that time she had tried to sell it to one Lackey of Barre. .  He looked it over but did not buy it.   On the evening of July 12, 1926, Lackey called the defendant by telephone and told her, in effect, that plaintiff had in his hands to dispose of certain property which the owner wanted to exchange for a large farm.   He gave her plaintiff's address, which was Northfield Falls, and told her that plaintiff might want a commission.   This talk with defendant, including what he said to her about the commission, Lackey communicated to plaintiff. The next morning after defendant talked with Lackey she mailed plaintiff a letter the material part of which reads as follows:

"Marshfield, Vt., July 12th.

Mr. J. B. Stewart,
Northfield Falls, Vt.
Dear Sir:

I had a telephone message from Mr. Lackey of Barre, Vt., tonight saying you thought you had a party who would like to trade for a large farm.   If this is so would be glad to hear from you soon."

About two hours after defendant mailed this letter, and before plaintiff could have received the same in due course of mail, he and Mr. and Mrs. Lunge (the owners of the property plaintiff had to dispose of) arrived at her farm by automobile. The defendant and Lunges entered into direct negotiations as to the terms of exchange, the plaintiff taking practically no part therein. After the Lunges had looked over defendant's farm the plaintiff returned to Northfield Falls, where he resided and where the Lunge property was located. Later the same day defendant and her son went to Northfield Falls and looked over the latter property. That property consisted of a small place at said Falls and a wood lot of about twenty acres which the Lunges purchased from plaintiff the previous May and which he still occupied and had in his hands for sale or exchange. No trade was consummated on that day but later by direct treaty between the Lunges and defendant they reached an agreement under the terms of which each took the property of the other subject to and assumed to pay such mortgage as rested thereon. No money was paid by either party. Deeds of the respective properties were passed July 27, 1926.

The court was unable to find any contract of employment of plaintiff by defendant for the sale or exchange of her farm, but did find that in all plaintiff did in connection with the exchange of the properties he acted wholly as agent to Mr. and Mrs. Lunge and not as the agent of defendant, and that she never recognized, ratified, or confirmed his acts as those of her agent, either during the negotiations or thereafter; that there was no talk between them at any time of any claim or expectation that defendant would pay or plaintiff receive a commission from defendant for the disposal of her property until August 19, 1926, when plaintiff called at defendant's home in Morrisville and demanded a commission of $600. It is also found that in his talk with defendant on the evening of July 12, and his subsequent communication thereof to plaintiff, Lackey was acting as a mere volunteer and not as a representative of either party.

The first exception saved was to the exclusion of a letter written by defendant to plaintiff some time after the negotiations between her and the Lunges were concluded. This exception is without merit since the latter was immaterial to any issue presented.

■   The plaintiff excepted to the finding that· in his talk with defendant on the evening of July 12 and his communication thereof to plaintiff Lackey was acting as a mere volunteer, on the ground that such finding was not supported by the evidence.   While Lackey promised to assist defendant in the way hereinafter stated when he was at her farm previous to July 12, he then told her that he was not a real estate agent and should not expect a commission.   It appeared, too, that his first information regarding the Lunge property came from plaintiff who asked him if he knew where there was a large farm and told him that the party to whom he sold his place wanted to trade it for such a farm.   Lackey thereupon told him about defendant's farm and promised to telephone her when he got home, which he did.   This was the telephonic communication of July 12 above referred to.   We think that the circumstances as a whole, as herein stated, fully sustain this finding.

■■   Plaintiff excepted to the failure of the court to find, upon request, that ''after Mr. Lackey had looked at the farm and expressed himself as not interested in the same, the defendant asked him if he could not find somebody to help her dispose of it''; and also to the finding that defendant made no such request.   The only evidence called to our attention as tending to support the finding asked for, or to refute the finding made, is that of Lackey who testified: ''Before I went away she (referring to defendant) says, 'If you see anybody who could get me out of this in any way, I suppose you would be willing to help me.'   I said, 'I sure would, Mrs. Drew, but I don't work on any commission, and am no real estate agent, but if I should see anybody that I think you could make the deal with I will do the best I can to help you out.' ''   At most, what defendant said as testified to by Lackey, amounted to no more than a request that in case he saw anyone who wanted such a farm or who could assist her in disposing of it, he would do what he could to interest such party in her behalf.   This did not call for, or justify, a finding which fairly implied, as did the one asked for, that Lackey was requested to make search for such a party.   The failure of the court to find as requested was not error.   Neither did the court err in finding that defendant made no such request, since on this issue, raised by the plaintiff, he had the burden of proof and offered no evidence to support his claim other than that above referred to.

The plaintiff.excepted to the following findings: (1) That plaintiff was employed by Mr. and Mrs. Lunge as their agent and acted solely as such; (2) that the telephone communication of July 12 between the defendant and Lackey had reference to the Lunge property; (3) that plaintiff had no expectation of receiving a commission from defendant; (4) that the plaintiff was not the broker or agent of the defendant; and (5) that the defendant has not recognized the acts or services of the plaintiff as acts or services as her agent, on the ground that they were against the weight of the evidence and without proper supporting evidence.

The sole question for consideration under these exceptions is whether there was evidence fairly and reasonably tending to support these several findings. We think there was. That during these negotiations plaintiff was in the employ of the Lunges to dispose of their property appeared from his own testimony, and the fact that he was to receive no commission from them, as he testified, did not affect their relationship.

While Lackey did not mention the Lunges to defendant in his communication with her on the evening of July 12, he did refer to property which plaintiff then had in his hands for sale or exchange which Lackey knew plaintiff had previously sold to the then owners, and which turned out later to be the Lunge property. The second exception is without merit.

The only evidence relied upon to overturn the last three findings above mentioned is that of the witness Lackey' who testified that in his talk with defendant on the evening of July 12 he told her that the plaintiff was a real estate agent and "will expect a commission* * * * * if he trades you out," which was corroborated by the evidence of Mrs. Lackey; and the further evidence of Lackey that defendant made some answer to what he said about the commission, which he could not remember, but did not dissent, and that he communicated what he said to her about the commission to plaintiff. The effect of the situation thus presented must be considered in the light of Lackey's further testimony on this subject which was, in substance, that in his talk with defendant he was not communicating to her any conversation he had had with plaintiff about a commission, but that he knew that plaintiff was a real estate agent and thought that he would expect a commission; that he made no arrangement with defendant touching the matter but left that to her

and the plaintiff. Whatever the tendency of the Lackey's evidence, standing alone, it was not sufficient to compel a finding of employment of plaintiff by defendant, or that defendant recognized plaintiff as in her employ, or that he expected to receive a commission from her, and there was no other evidence tending to establish such facts except that of plaintiff himself which the court apparently gave no credence and which his counsel have not seen fit to refer to. Moreover, the plaintiff testified that he was acting for the Lunges at the time of these negotiations and that he did nothing, which can be construed as an act on behalf of defendant, beyond merely bringing the parties together. It appeared to be true, as plaintiff insists, that had he not brought the parties together defendant would not have effected an exchange with the Lunges. While this was a circumstance to be given due weight, as we assume it was, it was not sufficient of itself to establish plaintiff's agency for defendant or his right to compensation from her, especially in view of the fact that he was acting for the Lunges in the same transaction. We think the findings justified by the evidence.

Our disposition of other questions raised renders the exception to the judgment unavailing.

*Judgment affirmed.*